IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN L. LAMIER, | : | Civil No. 3:22-cv-1986 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| MICHELLE WELLER, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Dustin Lamier ("Lamier"), an inmate housed at the Franklin County Prison, in Chambersburg, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). When Lamier filed the complaint, he also filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2). Pursuant to the Prison Litigation Reform Act ("PLRA"),[1] the Court will perform its mandatory screening of the complaint and, for the reasons set forth below, will grant the motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

**I.   Standards of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

---

[1] The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b).  This initial screening is to be done as soon as practicable and need not await service of process.  *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'"  *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## II.   Discussion

### A.   Lamier's Complaint

Lamier filed this § 1983 action against Michelle Weller, Jessica Sterner, Correctional Treatment Specialist ("CTS") Edwards, CTS Juarez, Captain Sauble, Officer Clendenning, Officer Foote, Officer L.T. Aflec, Officer Cox, Officer Mock, Lt. Shaffer, Deputy Warden Franzoni, Deputy Warden Scott, Officer Kump, William Bechtold, and Officer Huiet. (Doc. 1). Lamier alleges that Officer Foote called him "Little Miles," a reference to Lamier's father,

4

a convicted murderer.  (*Id.* at pp. 8-9).  Lamier allegedly informed Officer Aflec that the name-calling hurt his feelings and caused "mental abusive harm."  (*Id.* at pp. 9, 11).  Lamier further alleges that he was placed on medical observation for ten days.  (*Id.* at pp. 9-10).  During this observation, Lamier's clothing was removed, he was placed in a smock, and he did not have access to a pen or another means of completing a written grievance form.  (*Id.*).  For relief, Lamier requests that Officer Foote and Officer Aflec receive education regarding post-traumatic stress disorder and how words can trigger memories and emotions from traumatic events, as well as monetary relief.  (*Id.* at p. 11).

A prison official violates the Eighth Amendment when: (1) the prisoner suffers an objectively, sufficiently serious deprivation; and, (2) the prison official acts with deliberate indifference to the prisoner's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (stating, "an inmate [is required] to show that 'he is incarcerated under conditions posing a substantial risk of serious harm,' and that prison officials demonstrated a 'deliberate indifference' to his health or safety").  Under the first element, a "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Farmer*, 511 U.S. at 834.  To establish deliberate indifference under the second element, the prison official must: (1) know of and disregard an excessive risk to inmate health or safety; (2) be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (3) draw the inference.  *Id.* at 837.

Defendant Foote's alleged statements to Lamier, without *any* accompanying physical injury, do not amount to malicious behavior violative of the Eighth Amendment. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment."); *Quiero v. Muniz*, No. 14-225, 2015 WL 13738994, at *5 (M.D. Pa. Aug. 3, 2015) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner."). This claim fails because Lamier cannot state a claim for cruel and unusual punishment under the Eighth Amendment by alleging only verbal harassment or threats.

With respect to Defendants Michelle Weller, Jessica Sterner, CTS Edwards, CTS Juarez, Captain Sauble, Officer Clendenning, Officer Cox, Officer Mock, Lt. Shaffer, Deputy Warden Franzoni, Deputy Warden Scott, Officer Kump, William Bechtold, and Officer Huiet, the complaint fails to forth any allegations against these individuals. Lamier does not provide any specific factual averments explaining how these Defendants violated his constitutional rights or the particular conduct that harmed him. This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him). Based upon the above legal standards, it is clear that any claims against Defendants Weller, Sterner, Edwards, Juarez, Sauble, Clendenning, Cox, Mock, Shaffer, Franzoni, Scott,

Kump, Bechtold, and Huiet, are subject to dismissal based on Lamier's failure to set forth any factual allegations against them in the complaint. Without such factual allegations, it is impossible to conclude that these Defendants deprived Lamier of any constitutional rights.

Under the most liberal construction, Lamier's complaint fails to state a claim for relief. As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Lamier fails to state a claim upon which relief may be granted.

### B.  Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Lamier will be permitted leave to amend his complaint. Lamier is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. It should sufficiently allege personal involvement of each Defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

### III. Conclusion

Lamier's motion (Doc. 2) to proceed *in forma pauperis* will be granted. The complaint (Doc. 1) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lamier will be granted twenty (20) days to file an amended complaint. Failure to file an amended complaint within the time prescribed above will result in dismissal of this action.

A separate Order shall issue.

                                                                     s/ Robert D. Mariani  
                                                                      Robert D. Mariani  
                                                                      United States District Judge

Dated: December 16, 2022